# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE LEWIS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 18-cv-1747-NJR |
| T. G. WERLICH, | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Antoine Lewis, a federal inmate currently incarcerated in FCI Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of his sentence. Lewis originally filed suit on September 20, 2018 (Doc. 1) but failed to sign his Petition. A properly signed Petition was submitted on November 7, 2018. (Doc. 4). In a nutshell, Lewis alleges that his Missouri conviction for distribution of a controlled substance no longer qualifies as a predicate offense under U.S.S.G. § 4B1.2 in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition here, the Court concludes that Lewis is not entitled to relief, and the Petition must be dismissed.

## The Petition

Lewis pleaded guilty to one count of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1) on April 14, 2014. (Doc. 4-1, p. 2). Lewis's pre-sentence report determined that he was a career offender pursuant to § 4B1.2(b) based in part on his prior Missouri state conviction for possession with intent to distribute a controlled substance pursuant to Mo. Rev. Stat. § 195.211. *Id*. The career offender enhancement raised Lewis's base offense level to 31, resulting in an applicable guideline range of 188-235 months. *Id*. Lewis was sentenced to 188 months' imprisonment and a four year term of supervised release. *Id*.

Lewis filed a direct appeal to the Eighth Circuit on the grounds that one of his career offender predicates did not count as a conviction under the guidelines. (Doc. 4-1, p. 3); *United States v. Lewis*, No. 14-2823 (8th Cir. 2014). The Eighth Circuit rejected that argument on July 20, 2015. (Doc. 4-1, p. 3).

On April 26, 2016, Lewis filed a motion pursuant to 28 U.S.C. § 2255 challenging his predicate offenses based on the recent Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (U.S. 2015). *Id*. Lewis was appointed a federal defender, who filed an amended petition on his behalf on June 23, 2016. *Id*.

## Applicable Legal Standards

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A motion under Section 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And a prisoner is generally limited to bringing only *one* motion under Section 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies

that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, however, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under 28 U.S.C. § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

**Discussion**

Simply put, Lewis cannot bring his *Mathis* claim in a Section 2241 petition. There are some errors that can be raised on direct appeal but not in a collateral attack such as a Section 2255 motion or a Section 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for Section 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Lewis was sentenced in 2014, long after *Booker* was decided. He received a sentence that was within the statutory range. Therefore, he cannot demonstrate a miscarriage of justice so as to permit a Section 2241 petition.

Moreover, it is not clear that Lewis has adequately invoked the savings clause. *Mathis* concerns the method a court should use to determine whether a defendant's prior conviction qualifies as one of the so-called enumerated crimes, meaning the crimes (burglary, arson, or extortion) that are named as violent felonies in Section 924(e)(2)(B). This requires the court to determine whether the elements of the prior conviction match up with the elements of the generic version of the enumerated crime. *Mathis*, 136 S. Ct. at 2248.

This case involves the definition of a "controlled substance offense" pursuant to § 4B1.2, and not the definition of a violent felony. The definition of "controlled substance offense" is

structured differently in that it does not include a list of enumerated crimes that constitute controlled substances offenses. Thus, it is difficult to see how *Mathis* could apply here, because there is no generic crime for the Court to compare to Lewis's prior convictions.

### Disposition

For the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 4) is **DENIED**.

If Lewis wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Lewis plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Lewis does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Lewis to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 26, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**